# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
|  | \* |  |
| --- | --- | --- |
| **UNITED STATES OF AMERICA** | \* | |
| | \* | |
| **v.** | \* | **CRIMINAL NO.  04-CR-30033-MAP** |
| | \* | |
| **MERYLINA ASSELIN et. al.** | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT'S MOTION TO SEVER
## PURSUANT TO F.R.Crim.P. 14

Now comes the defendant Merylina Asselin and requests that this Honorable Court sever the charges against her contained in the above referenced indictment from those of Raymond Asselin, Sr., Arthur Sotirion, John Spano, Peter Davis and Paul Bannick on the grounds that she would suffer undue prejudice if tried with the aforementioned codefendants and on the ground that it would unfairly and significantly prolong the trial against her.

Merylina Asselin makes this request pursuant to the Fifth and Sixth Amendments to the United States Constitution as well as pursuant to the terms of F.R.Crim.P. 14.

## Argument

In lieu of further legal argument, Ms. Asselin joins in part 4C. of the memorandum in support of the motion to sever filed by her codefendant, Maria Serrazina, and adds only the following factual argument.

This indictment is potentially unwieldy at trial in a manner that will work to the distinct disadvantage to the less culpable amongst those charged.  If all motions to sever are denied, the case would go forward on 13 defendants on 122 counts—enough to confuse even the most intelligent and well instructed jury, not to mention pose a logistical

nightmare counsel as well as the court.  The racketeering count alone alleges well over two hundred separate racketeering acts.

The defendant suggests that the court and counsel need not be so burdened and that there is a logical break in the indictment which would make for smaller, fairer trials at no serious cost to the Government.  The above referenced defendants are all charged with a RICO and RICO conspiracy as well as money laundering and tax evasion charges which have no applicability to Ms. Asselin and the other defendants.  Trial of those charges will take many weeks and require introduction into evidence of hundreds of documents.  The charges against this defendant and most, if not all of Raymond Asselin Sr.'s, children and their spouses essentially boil down to receiving household items that the Government contends were paid for by the Springfield Housing Authority.  This defendant suspects that at trial, the primary issue will be whether she knew or should have known that the things she and her husband received, originated from the coffers of the Springfield Housing Authority.  The defendant further anticipates that much of the Government's evidence will not be contested.  There is a substantial likelihood that these charges will be resolved in a much shorter proceeding than a mega-trial with the other defendants, accused of RICO and money laundering crimes.  In short, the prejudice to this defendant is two-fold:  the inevitable spillover from the more serious allegations against the above referenced codefendants and the financial hardship that will be caused by forcing her to participate in what will undoubtedly be a much longer proceeding if there is but a single trial.

The defendant Merylina Asselin respectfully prays that his court exercise its judgment in favor of a severance.

THE DEFENDANT

By  \_\_\_/s/ David P. Hoose\_\_\_
DAVID P. HOOSE,  BBO#239400
KATZ, SASSON, HOOSE & TURNBULL
1145 Main Street, Suite 304
Springfield, MA  01103
(413) 732-1939
(413) 746-5767 [fax]