UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR-N-04-30033-MAP |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| RAYMOND ASSELIN, SR., et al., ) | |
| ) | |
| Defendants. ) | |

GOVERNMENT'S RESPONSE TO
DEFENDANT MERYLINA ASSELIN'S MOTION FOR SEVERANCE

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and William M. Welch II, Assistant United States Attorney, hereby files this response to defendant Serrazina's Motion for Severance.

Defendant Merylina Asselin's motion should be denied. First, defendant Merylina Asselin vastly overstates the complexity of the case. Second, she greatly understates her and her siblings' involvement in the bribery scheme. Finally, her claim of alleged prejudice from a joint trial is no greater than the possible prejudice inherent in a joint trial, and certainly curable through cautionary jury instructions.[1]

First, this case is not complex nor is it a logistical

---

[1] Like defendant Merylina Asselin, the Government will waive the legal argument and rely upon its legal argument contained in its response to defendant Maria Serrazina's Motion to Sever.

1

nightmare. Defendant Merylina Asselin vastly overstates the complexity of the case. Reduced to its essence, the case is about graft and theft. There is nothing conceptually difficult or factually complex about the payment of bribes and kickbacks or billing personal expenses to the Springfield Housing Authority. What makes the case more unique than most is simply that there was a lot of graft and theft, and that this conduct occurred over an extended period of time.

Approximately a dozen witnesses alone prove Racketeering Acts 1 through 153. The same witnesses establish Counts 3 through 84. In addition to their substantive testimony, the Government will introduce the checks and invoices that trace the receipt of the bribe and subsequent disposition of the bribe. None of that sounds conceptually or logistically complex. Therefore, the same witnesses who prove the RICO charges also prove the conspiracy and substantive bribery charges in which defendant Merylina has been charged.

Contrary to defendant Merylina Asselin's claim, the money laundering and tax evasion charges will not "take many weeks and require introduction into evidence of hundreds of documents." See Motion, pg. 2. First, there is only one money laundering charge. Second, the false income tax return charges are very straightforward: defendants Asselin, Sr. and Janet Asselin did not report their bribe and fraud income on their federal income

tax returns, and defendant Bannick never reported his SHA income on his income tax returns. The same dozen witnesses who prove the bribery charges will establish the unreported income on defendants Asselin, Sr. and Janet Asselin's income tax returns.

The charges against defendant Bannick are easily proven because defendant Bannick cashed all of his SHA vendor checks, never deposited the cash into his business bank account, and never told his tax return preparer, who is his son-in-law, about his SHA income. The Government envisions at most four additional witness to prove the tax charges: an IRS records custodian to admit the federal tax returns; the two tax return preparers to testify that the defendants Asselin, Sr., Janet Asselin and Bannick did not report the unreported income to them; and, finally, an IRS agent to introduce summaries of the cashed and undeposited checks, and the lack of cash deposits into defendant Bannick's bank account. The Government questions whether or not it even would call the first three witnesses.

Defendant Merylina Asselin states that the charges against her really boils down "to receiving household items that the Government contends were paid for by the Springfield Housing Authority." See Motion, pg. 2. This argument is meritless. Defendant Merylina Asselin has been charged in Count Three, the bribery conspiracy charge, and Counts 29, 30, 32, 33, 34, 37 and 65, the substantive bribery charges. Defendant Merylina and her

husband were also the beneficiary of the bribes alleged in twenty-two racketeering acts, seven of which were re-alleged in the afore-mentioned substantive bribery charges.

Thus, given her involvement in the bribery scheme, the prejudicial spillover is nil. Moreover, like defendant Serrazina, if defendant Merylina Asselin's defense is lack of intent and knowledge, then the Government is entitled to show the full breadth of defendant Merylina Asselin's knowledge of the bribery and fraud scheme. If one member of the Asselin family discussed at the dinner table a SHA employee doing work on his or her home, or receiving something for free from a SHA contractor, in defendant Merylina Asselin's presence, that evidence is relevant because it tends to show defendant Merylina Asselin's knowledge and intent. A jury is less likely to find that defendant Merylina Asselin did not know that many of the things received by she and her husband "originated from the coffers of the Springfield Housing Authority", see Motion, pg. 2, when she not only participated in family discussions about other family members' receiving various goods and materials for free through SHA or SHA contractors, but also personally benefitted from the fruits of the fraud and bribery schemes. Therefore, although the bribery and fraud schemes may have extended to other family members, that evidence is relevant to proving defendant Merylina

4

Asselin's knowledge of the bribery and fraud schemes.[2]

Finally, if, as defendant Merylina Asselin states, much of "the Government's evidence will not be contested," see Motion, pg. 2, then the Government would expect much of the cross-examination to be shorter. If that is the case, then the trial will not be as long as previously estimated, further undermining defendant Merylina Asselin's argument for a severance.

Based upon the foregoing, the Government respectfully requests that the court deny defendant Merylina Asselin's Motion to Sever.

Filed this 10th day of February, 2006.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

_____
WILLIAM M. WELCH II
Assistant United States Attorney

---

[2] To suggest that defendant Merylina Asselin is less culpable really does not square with the evidence. Much of the fraud and the majority of all of the bribes obtained by defendants Asselin, Sr. and Sotirion funded home improvements for their children. Even the theft of quarters or bribes obtained in the form of cash benefitted the children. The Government will put on evidence, for example, that Asselin, Sr. gave anywhere between $5,000.00 and $10,000.00 in cash annually at Christmas to each one of his children, causing them to question the legitimacy of the source of the cash. The Government also recovered cash from defendant Merylina Asselin's residence.

CERTIFICATE OF SERVICE

Hampden,  ss.                          Springfield, Massachusetts
                                       February 10, 2006

    I, William M. Welch, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing by mailing said motion to:

all defense counsel of record

                                                      _____
                                                      WILLIAM M. WELCH II
                                                      Assistant United States Attorney