UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CRIM. NO. 04-30033-MAP |
| vs. | ) |
| MERYLINA ASSELIN, | ) |
| Defendant. | ) |

## PRETRIAL DIVERSION AGREEMENT

The United States of America, by and through Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Merylina Asselin, enter into this written Pretrial Diversion Agreement (the "Agreement").

### Background

1. On July 9, 2004, the Grand Jury returned an Indictment against Merylina Asselin in United States District Court for the District of Massachusetts captioned United States v. Raymond Asselin, Sr., et al., Criminal No. 04-30033-MAP, charging the defendant with, among other things, conspiring to receive gratuities and receipt of gratuities, in violation of 18 U.S.C. §§ 371 and 201, and conspiracy to commit theft against the United States, in violation of 18 U.S.C. §§ 371 and 641, and conspiracy to commit mail fraud and mail fraud, in violation of 18 U.S.C. §§ 371 and 1341. Merylina Asselin was arraigned on the Indictment on July 12, 2004.

2. On January 11, 2005, the Grand Jury returned a Superseding Indictment against Merylina Asselin in United States District Court for the District of Massachusetts captioned <u>United States v. Raymond Asselin, Sr., et al.</u>, Criminal No. 04-30033-MAP, charging the defendant with, among other things, the same violations described above. Merylina Asselin was arraigned on the Superseding Indictment on January 19, 2005.

Terms and Conditions

3. In light of the nearly two years that Merylina Asselin have been subject to pre-trial release conditions without incident, together with her willingness to: (a) acknowledge responsibility for her conduct; and (b) comport her future conduct with the law, the Government has determined that the interests of justice will best be served by entry into this Agreement on the following terms and conditions:

4. Merylina Asselin acknowledges, stipulates to the accuracy of, and accept responsibility for the conduct set forth in the Agreed Statement of Facts attached hereto as Exhibit A, which is incorporated by reference into this Agreement. Merylina Asselin agrees that she will not contest the admissibility into evidence of Exhibit A in any subsequent criminal proceedings occurring in the event of a breach of this Agreement.

5. Merylina Asselin agrees that she shall not individually, jointly, through present or future attorneys, or

2

through present or future representatives or agents, make any statement contradicting any statement of fact contained in Exhibit A. Any such contradictory statement shall constitute a breach of this Agreement, and Merylina Asselin thereafter will be subject to prosecution pursuant to the terms of this Agreement. Nothing contained herein shall be construed as an admission of guilt or sufficient facts to support a guilty finding nor shall it preclude Merylina Asselin from asserting before state or municipal agencies or other entities that she has not been convicted or received a deferred adjudication of guilt as to any offense charged in the indictment.

6. The Government agrees to recommend to the Court that prosecution of Merylina Asselin on the Superseding Indictment referenced in paragraph 3 be deferred for a period of eighteen months (hereafter, the "Diversion Period"), provided that Merylina Asselin comply with the terms and conditions of this Agreement.

7. During the Diversion Period, Merylina Asselin shall not violate any federal, state, or local law and, through her counsel, shall notify the Government within 72 hours should she be arrested in connection with any offense other than a traffic infraction. Such notice shall be provided in writing to Chief Assistant United States Attorney, U.S. Attorney's Office, 1550 Main Street, Suite 310, Springfield, MA 01103.

8. The Government agrees that if Merylina Asselin is in full compliance with all of her obligations under this Agreement, the Government shall, within thirty days of the expiration of the Diversion Period, seek dismissal of the Indictment with prejudice.

9. It is understood that should the Government, in its sole discretion, determine that Merylina Asselin has violated any provision of this Agreement, then the Agreement shall become null and void and the Government may thereafter institute criminal prosecution against her for the offenses alleged in the Indictment.

10. Merylina Asselin hereby knowingly and willingly tolls the statute of limitations and waives her rights to a speedy trial for the offenses charged in the Indictment during the period of time this Agreement is in effect. Merylina Asselin hereby certifies the she is aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial, and that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information, or in bringing a defendant to trial; that she requests the Government to defer such prosecution; that she agrees and

consents that any delay from the date of this Agreement through the Diversion Period shall be deemed to be a necessary delay at her request and excluded from computation under the Speedy Trial Act; and that she waives any defense to such prosecution on the ground that such delay during the Diversion Period operated to deny her rights under Rule 48(b) of the Federal Rules of Criminal Procedure, Title 18, United States Code, Section 3161, and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reasons of the running of the statute of limitations for the Diversion Period.

11. As a condition of this Agreement, Merylina Asselin hereby knowingly and willfully agrees to waive any claim she might have to 56 Stage Island Road, Chatham, Massachusetts and 184 Bowles Park Extension, Springfield, Massachusetts (collectively the "Properties"), and to transfer any interest she might have in the Properties to Christopher Asselin for purposes of effectuating the forfeiture and final disposition of the Properties in this case. Merylina Asselin's waivers of her claims and assignments of any interests she might have in the Properties to Christopher Asselin for purposes of forfeiture in this case is being filed with this Agreement. Merylina Asselin specifically agrees that any failure to transfer the Properties as outlined above shall constitute a material breach of this Agreement.

12. This Agreement shall remain in effect for a period of eighteen months from the date of its full execution.

13. It is understood and agreed by all parties that this Agreement shall be publicly filed in the United States District Court for the District of Massachusetts upon its full execution.

14. This Agreement contains the complete agreement between the parties. No promises, representations or agreements have been made other than those set forth in this Agreement. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement may not be modified except in writing signed by all the parties.

15. This Agreement may be executed in counterparts.

On Behalf of the Government

Dated: September 28, 2006      MICHAEL J. SULLIVAN
                               United States Attorney

                         By:  _____
                               Michael K. Loucks
                               Acting United States Attorney

On Behalf of the Defendant

I hereby state and affirm that I have read this Agreement and understand its contents. I agree that I will comply with the Terms and Conditions stated herein.

Dated: October 2, 2006

_____
Merylina Asselin

I have fully explained to my client all the rights that a criminal defendant has and all the terms of this Agreement. In my opinion, my client understands the terms of this Agreement and all the rights that she is giving up by entering into this Agreement, and based on the information now known to me, her decision to enter into this Agreement is knowing and voluntary.

Dated: October 2, 2006

_____
David Hoose
Attorney for Merylina Asselin